IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STUART N. AULD,

        Plaintiff,

v.                                                  Case No. 13-2031-JTM

SUN WEST MORTGAGE COMPANY,
INC., et al.,

        Defendant.

MEMORANDUM AND ORDER

The court has before it a joint motion to remand and assess attorneys' fees and sanctions (Dkt. 7) brought by intervenor Sun West Mortgage Company, Inc. and defendant John W. Auld, Jr. as trustee of the John William Auld, Sr. Living Trust Agreement. The court grants the motion in part and denies the motion in part for the following reasons.

**I. Factual Background**

The underlying state court case that is the subject of plaintiff Stuart Auld's removal pleading consists of two cases that were consolidated in Johnson County District Court—Case No. 11CV04594, filed on May 27, 2011, and Case No. 11LA06470, filed on June 23, 2011. Auld filed the first case *pro se* against his father, John W. Auld, Sr., relating to an alleged security interest Auld claimed in real property owned and occupied by Auld, Sr. The second case was a forcible detainer action filed by Auld, Sr. against Auld to evict Auld from the property. After Auld, Sr. died in October 2011, the

property transferred to the Auld, Sr. Trust. Auld has resided at the property since before the suits were filed, and he continues to reside there.

Sun West, as holder of a mortgage on the property, was allowed to intervene in the consolidated case. Sun West's liens were found to be valid. Sun West and the Auld, Sr. Trust filed separate motions for summary judgment against Auld; both motions were granted. The journal entries granting the motions resolved all claims by or against Auld. The entry granting the Auld, Sr. Trust's motion for summary judgment ordered the immediate eviction of Auld from the property. Auld has not left the property.

Auld filed a motion to reconsider and/or set aside order of the court on December 3, 2012, which the state court denied a week later. Auld then filed a motion for new trial and/or transfer of case and recusal of judge on December 20, 2012. The court declared the motion null and void and not to be considered because Auld had filed the motion *pro se*, despite his being represented by counsel at the time.

## II. Legal Standard

Under 28 U.S.C. § 1446(a), a defendant desiring to remove a civil action from state court shall file in the district court of the United States a notice of removal signed pursuant to FED. R. CIV. P. 11 and containing a short and plain statement of the grounds for removal. If initially the case is not removable, "a notice of removal may be filed within thirty days after . . . it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3). A case relying on diversity jurisdiction "may not be removed under subsection (b)(3) . . . more than 1 year after commencement of the

action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." § 1446(c)(1).

The removal statutes are construed narrowly. *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Doubts about removal must be resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). "The 30-day time limitation of § 1446(b) is mandatory and is strictly construed." *McCain v. Cahoj*, 794 F.Supp. 1061, 1062 (D. Kan. 1992). "Failure to timely file a notice for removal is a defect requiring remand to the state court." *First Nat. Bank & Trust Co. in Great Bend v. Nicholas*, 768 F.Supp. 788, 790 (D. Kan. 1991). "The failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999).

The right to remove may be waived. *Id.* (noting that a defendant who does not act within the statutory removal deadlines waives its right to remove the action to federal court). "A defendant may waive the right to remove by taking some such substantial defensive action in the state court before petitioning for removal." *Aqualon v. Mac Equip., Inc.*, 149 F.3d 262, 264 (4th Cir. 1998) (emphasis in original).

> If a defendant could remove a case to federal court after a final and unfavorable determination had been made on the merits of the case in state court, he would be able to litigate the same case twice. This situation is precisely what must be avoided in the interests of judicial economy, fairness, convenience, and comity.

3

*Sayre Enter., Inc. v. Allstate Ins. Co.*, 448 F.Supp.2d 733, 735 (W.D.Va. 2006) (emphasis in original). A defendant can waive the right to remove by litigating after the case actually becomes removable. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, (1999).

**III. Analysis**

Plaintiff's removal fails for several reasons. First, the rules contemplate removal by the defendant, not a plaintiff. *See* 28 U.S.C. § 1446(a) (stating the procedure for a "defendant or defendants desiring to remove any civil action from a State court . . . ."). Second, plaintiff is out of time to remove the case. Diversity jurisdiction in this case was only present, if at all, after Sun West intervened and served its answer on the parties on February 27, 2012. Even if diversity jurisdiction arose upon Sun West's intervention, plaintiff did not file his removal pleading until January 16, 2013, well beyond the 30 day window after diversity jurisdiction became apparent. *See* § 1446(b)(3). Additionally, plaintiff's removal was filed well beyond the maximum one year period set forth in 28 U.S.C. § 1446(c)(1), as the underlying state court cases were filed more than a year and a half earlier, on May 27, 2011 and June 23, 2011, respectively.

However, even if Plaintiff could have removed this case via a timely-filed Notice of Removal, he waived his right to do so by actively litigating this case for more than ten months after Sun West intervened in the State Court Lawsuit. *See Murphy Bros., Inc.*, 526 U.S. at 347–48. After Sun West intervened on February 27, 2012, Plaintiff or his attorneys filed at least 16 substantive pleadings in the state action, propounded two sets of discovery, and participated in several court hearings, before filing for removal on

4

January 16, 2013. Indeed, summary judgment was granted against plaintiff in both cases, making removal at this point inappropriate. The court finds plaintiff waived any right to remove, assuming he had the right to remove in the first place. Accordingly, the court grants the motion to remand.

Defendants ask for an award of attorney's fees for defending this lawsuit in federal court. Additionally, under 28 U.S.C. § 1447(c), the court ordering remand of the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. The court grants the motion to a maximum of $2,500.

IT IS THEREFORE ORDERED this 22nd day of February, 2013, that the motion to remand (Dkt. 7) is granted. The motion for attorneys' fees and costs is granted to a maximum of $2,500.

IT IS ALSO ORDERED that the remaining pending motions (Dkts. 3, 6, and 8) are denied as moot.

s/ J. Thomas Marten  
J. THOMAS MARTEN  
DISTRICT COURT JUDGE